**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHERYL B. ROSSITER, | ) NO. ED CV 05-322-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on May 3, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 16, 2005. Plaintiff filed a motion for summary judgment on October 20,

2005. Defendant filed a cross-motion for summary judgment on November 21, 2005. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 9, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based on, inter alia, alleged mental health problems (Administrative Record ("A.R.") 110-13, 256). Dr. Thacker, Plaintiff's treating psychiatrist, diagnosed a mood disorder and rated Plaintiff's global assessment of functioning ("GAF") at 40 (A.R. 256). A GAF of 40 equates to a finding of "some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work . . .)" Hoffman v. Halter, 140 F. Supp. 2d 1056, 1058 n.9 (C.D. Cal. 2001) (citing the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. 1994)).

An Administrative Law Judge ("ALJ") found Plaintiff not disabled (A.R. 13-21). In doing so, the ALJ stated: "[t]here is no evidence to show that [Plaintiff's] mental health symptoms are more than mild" (A.R. 19). The ALJ's decision does not mention Dr. Thacker's GAF rating (A.R. 13-21). The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the

Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) (the Administration "must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinion is contradicted,[1] if the Administration wishes to disregard the opinion of the treating physician, the Administration "must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for so doing") (citations and quotations omitted).

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

3

1    In the present case, the ALJ erred by failing even to mention Dr. Thacker's GAF rating. See Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990)(implicit rejection of treating physician's opinion cannot satisfy Administration's obligation to set forth "specific, legitimate reasons"). Contrary to Defendant's argument, GAF ratings are not irrelevant. See, e.g., Castaneda v. Apfel, 2001 WL 210175 *3 (D. Or. Jan. 18, 2001)(GAF of 45 "is indicative of a disabling level of impairment").

Defendant argues that the contradiction of Dr. Thacker's opinion by consultative physicians can justify the implicit rejection of the opinion. In support of this argument, Defendant cites, inter alia, Andrews v. Shalala, 53 F.3d 1035 (9th Cir. 1995) and Magallanes v. Bowen, 881 F.2d 747 (9th Cir. 1989). Although Andrews and Magallanes might appear to support Defendant's argument, the Ninth Circuit (subsequent to Andrews and Magallanes) has reiterated that the Administration always must state specific, legitimate reasons for rejecting the contradicted opinions of treating physicians. See, e.g., Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995) (reading Andrews and Magallanes more narrowly than Defendant apparently urges).

Defendant also suggests the ALJ could have disregarded Dr. Thacker's GAF rating because of evidence supporting a conclusion that Plaintiff's allegedly low level of functioning did not last long enough to satisfy the 12 month duration requirement for disability. However, the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) ("Thus, if the Commissioner's contention

invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline"); see Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Barbato v. Commissioner, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (and cases cited therein) (the Administration's decision "must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council").

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178

(citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002)[2], the Harman holding does not direct reversal of the present case. Outstanding issues still must be resolved before a determination of disability can be made. Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinions of Dr. Thacker credited.

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 7, 2005.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2]  The Ninth Circuit has continued to apply Harman, despite INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

[3]  The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.

6